CORNELIUS VAN SCHOYCK, RESPONDENT, v. GURDON BACKUS, APPELLANT.

*Services rendered by members of same family — presumption of law as to payment of — rebuttal of — statute of frauds.*

The principle that the law will not imply a promise to pay for board or services rendered by members of the same family, does not apply where it is proved that the understanding on both sides was that compensation should be made therefor.

In the latter case the statute of frauds does not prevent a recovery.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover certain moneys paid by the plaintiff under an agreement made by the defendant, by which the latter was to take a daughter of the plaintiff into his family and keep her as his own child until she became of age, for the consideration therein expressed. The arrangement having been terminated by agreement of the parties, this action was brought to recover the money paid by the plaintiff thereunder, and defendant interposed a counter-claim therein for moneys expended in the board and maintenance of the child, while she remained with him.

*Wm. Gleason*, for the appellant.

*Alex. Cumming*, for the respondent.

LEARNED, P. J. :

The referee finds that the defendant agreed to take the daughter of the plaintiff, then about seven years old, into his family and keep her as his own child, until she was of age. For this the plaintiff was to furnish the defendant a sum of money, between $700 and $800, and to allow the defendant the use of it until the daughter was of age. Then the money was to be paid to her. If she died before she became of age, the money was to belong to the defendant.

Under this arrangement the daughter resided with the defendant about two years and a-half. This arrangement was then terminated, as the referee finds.

The plaintiff did not furnish the money according to this agreement, but afterwards he did let the defendant have $300. The referee finds that the defendant did not make, or intend to make, any charge for the maintenance of the daughter. The case, as corrected, however, contains testimony of the defendant, to the effect that he did contemplate charging for her board, if the plaintiff did not live up to the contract.

The referee finds that this contract was void by the statute of frauds, and that the defendant is not entitled to recover for the support of the plaintiff's daughter, while residing with him. This

was, probably, upon the ground, that the law will not imply a promise to pay for board or services rendered by members of the same family to each other. This principle, however, is inapplicable, where there is proof that the understanding, on both sides, was that compensation should be made. In other words, it is a presumption of law, liable to be rebutted by proof to the contrary.

In the case of *Maltby* v. *Harwood* (12 Barb., 473), cited by the plaintiff, the plaintiff had been, as was supposed by the parties, bound as apprentice to the defendants. The indenture proved to be invalid, and it was held that the plaintiff could not recover for his services. And the reason was, that although the indenture was void, yet the parties were living together, not on any understanding that the plaintiff was to be compensated for his services.

But when we apply that principle to this present case we find different conditions. The verbal agreement, although void as a contract, yet showed that the intention of the parties was that the defendant should be compensated for his care of the daughter. By that agreement he was to have the use of $700 or $800, with the possibility of receiving the whole. It is plain, therefore, that he did not take the daughter upon an understanding, that like other members of a family, her services might be set off against her support. Although, then, the parties terminated the agreement, and although it was invalid under the statute, still the defendant supported the plaintiff's daughter during the space of about two years and a-half. He did that on the expectation and promise of compensation. This expectation and this promise show the reason why he made no charge ; that is, because the compensation was fully arranged. And they show also that both parties expected that he would be paid for the support of the daughter. He should, therefore be allowed its value. (*Erben* v. *Lorillard*, 19 N. Y., 302.) It may be said that the parties terminated the agreement, and therefore, neither can recover, but each must remain as he is. But the plaintiff seeks and is allowed, to recover what he has paid; why should not the defendant be allowed what he has expended ?

But assuming the contract to be invalid by the statute, we have then only to notice, as is stated above, that the proof rebuts the presumption, that the defendant was not to be compensated.

As the value of this support was not allowed by the learned

referee, the judgment must be reversed and a new trial granted, costs to abide the event, and reference discharged.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and new trial granted, costs to abide event; reference discharged.